Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone:(213) 436-4888
Facsimile: (213) 623-2000

Special Master

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| LEDCOMM LLC,<br><br>            Plaintiff,<br><br>      vs.<br><br>ANKER INNOVATIONS LIMITED, et al.,<br><br>            Defendant. | Case No. 5:20-cv-00421-DOC-KES<br><br>Judge:   David O. Carter<br><br>**ORDER APPOINTING DISCOVERY SPECIAL MASTER HON. STEPHEN G. LARSON (RET.)   [81]** |

On November 4, 2020, the parties in the above-captioned action agreed to the appointment of the Hon. Stephen G. Larson (Ret.) as Discovery Special Master. The Court has reviewed the affidavit of Discovery Special Master Larson filed with the Court pursuant to Federal Rule of Civil Procedure 53(a)(2) and finds that the Discovery Special Master may accept his appointment and serve as the Discovery Special Master in the above-captioned action.

Herein, the Discovery Special Master sets forth rules and procedures that the parties shall follow for the duration of the Discovery Special Master's appointment.

**I.      Discovery Special Master's Duties, Authority, and Compensation**

1.      The Discovery Special Master is directed to proceed with all reasonable diligence in accordance with Federal Rule of Civil Procedure 53(b)(2).

2.      The Discovery Special Master is appointed to assure and provide cost-effective discovery and to minimize the burden of discovery, scheduling, and administrative disputes upon the Court.  Any and all discovery motions and other discovery disputes (*i.e.*, disputes concerning discovery management, scheduling, and/or the propriety and scope of any protective order) in the above-captioned action shall be decided by the Discovery Special Master pursuant to Federal Rule of Civil Procedure 53.  The scope of the Discovery Special Master's authority may be expanded from time to time by the Court.

3.      The Discovery Special Master has filed an affidavit with this Court that states that he has no relationship to the parties, counsel, the above-captioned action, or Court that would require disqualification of a judge under 28 U.S.C. § 455.  During the pendency of these proceedings, the Discovery Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

4.      The Discovery Special Master shall have the authority to set the date, time, and place for all hearings determined by the Discovery Special Master to be necessary; to preside over hearings (whether telephonic or in-person); to take evidence in connection with discovery disputes; to issue orders resolving discovery motions submitted to the Discovery Special Master; to conduct telephonic conferences to resolve discovery disputes arising during depositions or to be present at a party's request at such depositions; to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorneys' fees, as provided by Rules 37 and 45; and to prepare, file, and serve other orders and reports and recommendations, as appropriate or as directed by the Court.

5.      Pursuant to Rule 53(b)(2)(B), the Discovery Special Master and the Court may communicate with each other *ex parte* at any time.  The Discovery Special Master shall not communicate *ex parte* with any party without first providing notice to, and receiving consent from, the other parties.  Any party may

2

ORDER APPOINTING DISCOVERY SPECIAL MASTER

communicate with the Discovery Special Master by email if, when doing so, the party includes all counsel of record on such communication.

6.    The Discovery Special Master agrees to be compensated as follows. The hourly billing rate for the services of the Discovery Special Master shall be $750.00, plus expenses (business-class travel and lodging to the extent necessary, communication, photocopy, and any research costs).  In the event the Discovery Special Master is assisted by associates at Larson O'Brien LLP, they will be billed at an hourly rate of $450.00.  The Discovery Special Master will invoice the parties on a monthly basis and payment shall be due within thirty (30) days of receipt of the invoice.  The Discovery Special Master will not provide detailed invoices to the parties.  Any questions regarding the Discovery Special Master's billing shall be addressed to the Court.

7.    The fees and costs of any proceeding before the Discovery Special Master, including the fees and costs of the Discovery Special Master, the fees and costs of court reporters, and the fees and costs of any other person necessary to the efficient administration of the proceedings before the Discovery Special Master, shall be paid 50% by Plaintiff and 50% by Defendant.  Where the Discovery Special Master addresses a dispute strictly between a party and a third party, the party seeking discovery from the third party shall bear all fees, expenses, and costs.  The Report and Recommendation resolving a dispute between a party and a third party will include a recommendation apportioning all fees, expenses, and costs to the party seeking the discovery from the third party.

8.    The Discovery Special Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders and reports and recommendations issued by the Discovery Special Master pursuant to Rule 53(b)(2)(C).  These documents, materials, orders, and reports and recommendations shall be the record of the Discovery Special Master's activities and shall be maintained in an orderly fashion until the Discovery Special Master is informed by

**ORDER APPOINTING DISCOVERY SPECIAL MASTER**

the parties that all issues herein have been finally disposed of and determined. Pursuant to Rule 53(d), the Discovery Special Master shall file any written orders, findings, and/or reports and recommendations with the Court via the Court's Electronic Case Filing ("ECF") system.  Such filing shall fulfill the Discovery Special Master's duty to serve orders on the parties.  Any records of the Discovery Special Master's activities other than written orders, findings, and/or recommendations shall be preserved.

## II.     Procedure for Motions Submitted to the Discovery Special Master

9.     The following procedures shall apply to motions submitted to the Discovery Special Master:

a.     The requirements of Local Rule 37 are waived by the parties. Instead, a moving party is required to meet and confer with the opposing party five (5) business days in advance of any motion relating to discovery and/or discovery management.

b.     The moving party and opposing party shall also participate in a good faith meet and confer two (2) business days in advance of any motion relating to discovery and/or discovery management.  The moving party may arrange for the presence of a court reporter if the moving party so chooses.

c.     Following the meet and confers (*supra* Section II.9(a)-(b)) and assuming no compromise has been reached, the moving party can file with the Court and serve a motion on the opposing party and the Discovery Special Master.

d.     Any memorandum of points and authorities submitted as the opening brief in support of any motion shall not exceed seven (7) pages of substantive text (*i.e.*, excluding captions, indices, signature blocks, and exhibits), unless permitted by the Discovery Special Master.

e.     No later than five (5) business days from receipt of the motion, the opposing party may file with the Court and serve on the moving party and

ORDER APPOINTING DISCOVERY SPECIAL MASTER

the Discovery Special Master an opposition, not to exceed seven (7) pages of substantive text, unless permitted by the Discovery Special Master.

f.    No later than three (3) business days from receipt of the opposition, the moving party may file with the court and serve a reply on the opposing party and the Discovery Special Master, not to exceed three (3) pages of substantive text, unless permitted by the Discovery Special Master.

g.    Promptly thereafter, the Discovery Special Master will set a date, time, and location for oral argument on the motion.

10.    Nothing in this Order shall prevent or limit the authority of the Discovery Special Master to resolve disputes (by telephone or other means) without briefing or by further expedited briefing.  Nothing in this Order shall prevent or limit the authority of the Discovery Special Master to decline to hear matters, if in his sole discretion, a meaningful meet and confer has not occurred.

11.    Pursuant to Rule 53(d), the Discovery Special Master shall issue orders on motions promptly, but by no more than fourteen (14) calendar days of the hearing or, where no hearing is held, ten (10) calendar days of receipt of all motion papers.  In his discretion, the Discovery Special Master may consider and rule on matters arising during the course of a deposition, or any other matter, as circumstances warrant, so long as such ruling is promptly communicated to the parties and memorialized in writing.

12.    The Discovery Special Master's orders and/or reports and recommendations shall be adopted as the Court's ruling, absent objection from the parties or modification by the Court.  Any objection must be made within five (5) business days of the issuance of the Discovery Special Master's order and/or report and recommendation.

13.    In addition to providing the Court with copies of all submissions and hearing transcripts from the proceeding before the Discovery Special Master, the

ORDER APPOINTING DISCOVERY SPECIAL MASTER

objecting party can submit a memorandum, not to exceed seven (7) pages of substantive text, focusing on the grounds for the objection.

14. Any opposition to the objection shall be served on the Court and the objecting party within four (4) business days and shall not exceed seven (7) pages of substantive text.

15. Absent contrary agreement of the parties or request by the Court, there shall be no reply in connection with objections to the Discovery Special Master's orders and/or reports and recommendations.

16. Absent contrary agreement or Order by the Court, the Discovery Special Master's orders and/or reports and recommendations shall not be stayed pending an objection after the five-day period under paragraph 12 expires.

17. Pursuant to Rule 53(f)(3)-(5), the Court shall review de novo findings of fact made or recommended by the Discovery Special Master. The Court shall also review de novo any conclusions of law made or recommended by the Discovery Special Master. The Court will set aside the Discovery Special Master's rulings on a procedural matter only for an abuse of discretion.

**III.   Miscellaneous**

18. All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Order.

19. Nothing in this Order is meant to prevent the parties from suggesting new, different, and/or additional procedures and to otherwise make suggestions for improving processes for the administration of the Discovery Special Master's role and responsibilities; provided that such new procedures shall be presented to the Court for approval pursuant to Rule 53(b)(4).

**ORDER APPOINTING DISCOVERY SPECIAL MASTER**

**IT IS SO ORDERED**

DATED:  November 4, 2020

/s/

_____

Hon. Stephen G. Larson (Ret.)
Discovery Special Master

_____

DATED:  November 24 , 2020

The Honorable David O. Carter
United States District Judge

**ORDER APPOINTING DISCOVERY SPECIAL MASTER**